**Cheri L. McCracken - 006111**
LAW OFFICES OF CHERI L. MCCRACKEN, ESQ.
2402 N. 24th Street
Phoenix AZ 85008-1804
(602) 231-0595
(602)231-0841 Fax
cherimccracken@gmail.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Dorothy Putignano,<br><br>        Plaintiff,<br><br>vs.<br><br>AFNI, Inc.,<br><br>        Defendant. | **NO.**<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

COMES NOW the Plaintiff, Dorothy Putignano, by and through her undersigned attorney, and for her Complaint alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper, as Plaintiff alleges claims under federal law, pursuant to the Age Discrimination in Employment Act.

2. Venue is properly laid in this Court pursuant to 28 USC § 1391, as all or a substantial part of the events alleged in this Complaint occurred in Tucson, AZ.

3. Dorothy Putignano filed an EEO Complaint on January 4, 2016 with the Arizona Civil Rights Division. Through the work sharing arrangement this was also filed with the EEOC. She received a right to sue letter on or about December 26, 2016, dated as mailed December 21, 2016 from the EEOC.

## THE PARTIES

4. Plaintiff, Dorothy Putignano, (hereinafter "Ms. Putignano") is presently a resident of the State of Arizona, in the County of Pima and was at all times complained of herein.

5. Defendant, AFNI, Inc. (hereinafter "AFNI"), is a corporation that does business in the State of Arizona with a principal place of business in Pima County, Arizona.

6. Defendant had and continues to have a principal place of business in Pima County, Arizona at all times relevant to the allegations in this Complaint.

7. This Court has subject matter jurisdiction over these claims.

8. All acts complained of herein took place in the State of Arizona, and the employment relationship between the Plaintiff and Defendant, was in Tucson, AZ.

9. Ms. Putignano demands a jury trial.

## FACTS

Ms. Putignano hereby alleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above and all paragraphs below, as though each of said allegations were fully set forth herein.

10.   Ms. Putignano worked for AFNI in a sales position. Ms. Putignano was 65 years old, her date of birth being May 16, 1950.

11.   She began working for Defendant on or about January 27, 2015. Her immediate supervisor was Michael Diemen. Beginning approximately 6 months later, and continuing until her termination, Defendant consistently reprimanded her, alleging that she did not meet sales standards. These warnings were overblown and exaggerated. The Defendant had standards that were impossible to meet so they could be used to target particular employees. Ms. Putignano believes she was targeted because of her age.

12.   Defendant has hired and retained many employees who are significantly younger and less experienced than Ms. Putignano.

13.   AFNI terminated Ms. Putignano on December 1, 2015, alleging that she did not meet sales standards. Prior to that time, there had been a series of discussions between Ms. Putignano and management. Ms. Putignano notes on a written employee improvement committment she now has knowledge of what is called "Loyalty Flow" on July 14, 2015.

14.   The minimum sales expectation for Ms. Putignano at AFNI was 100%.

15.   Ms. Putignano committed to asking an open ended question and a closed ended question on each of her calls. She was expected to use Insight Tool, ask questions when resolving issues, and to offer at least two product benefits on every call.

3

16. On July 29, 2015, Ms. Putignano was presented with another employment improvement commitment "incomplete notations."

17. Another employee improvement commitment/AHT was issued on 8/25/2015.

18. Ms. Putignano received what is noted as Final Written Employee Improvement Commitment, incomplete notations, on 8/25/2015.

19. Each of these say that she was to receive help, calls reviewed, by her supervisor or a coach. This was not done. There is an employee improvement commitment sales termination dated 12/1/2015.

20. It alleged that Ms. Putignano repeatedly failed to meet three day sales revenue goals of $30,000.

21. Other younger employees were treated differently. While there was no flexibility at all shown towards Ms. Putignano, younger employees were given flexibility. Younger employees were also credited with all their sales, including weekends, when Ms. Putignano was not.

22. The Defendant's reason for termination is a pretext. What the documentation shows is micro-management in three day intervals of one employee who is 65 years old. Further, it shows that her goal is 100%. This would appear to be an impossible goal and created not to be achieved.

23. Ms. Putignano has been harmed by the discrimination and the termination. She has been unable to replace the job at a similar level.

24.    She asks that she be given back pay and benefits and be reinstated. She also has suffered emotional distress because of the actions of Defendant.

## DAMAGES

WHEREFORE, Plaintiff, Dorothy Putignano, demands judgment against the Defendant as follow:

1.    Back pay and benefits and reinstatement to a position equivalent to the one she left with all appropriate raises and promotions.

2.    Attorney's fees and costs.

3.    Such other Compensatory Damages as shall be determined appropriate at trial.

4.    Any further damages a court might find appropriate at trial.

5.    Emotional distress damages.

RESPECTFULLY SUBMITTED this 22nd day of March, 2017.

Cheri L. McCracken, Esq.

/s/ Cheri McCracken

Cheri L. McCracken
2402 North 24th Street
Phoenix, Arizona 85008
Attorney for Plaintiff

5